# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**CEILO JEAN GIBSON, et al.,**

    **Plaintiffs,**

v.　　　　　　　　　　　　　　　　　　　Case No. 1:18-cv-138-AW-GRJ

**COWBOYS SALOON GAINESVILLE,
LLC d/b/a COWBOYS SALOON, et al.**

    **Defendants.**

_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION IN PART**

I have considered the magistrate judge's February 5, 2020 Report and Recommendation. ECF No. 24 (R&R). No party objected. I conclude that the Report and Recommendation should be adopted in part. But because concerns remain about personal jurisdiction as to Cowboys Saloon Stapleton, LLC, and Cowboys Saloon High Street, LLC, I direct additional briefing before entering a final judgment.

The Report and Recommendation based personal jurisdiction over the defendants on tag jurisdiction and a factual finding that a Florida citizen is a member of the LLCs in some form. R&R at 10-11.

While tag can support jurisdiction as to a natural person, *see Burnham v. Superior Court of Cal., Cty. of Marin*, 495 U.S. 604, 619 (1990), it is not clear that it can support jurisdiction over a business organization. *See e.g., Martinez v. Aero Caribbean*, 764 F.3d 1062, 1068-69 (9th Cir. 2014) ("None of the various opinions

1

in *Burnham* discussed tag jurisdiction with respect to artificial persons. Physical presence is a simple concept for natural persons, who are present in a single, ascertainable place."); *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir. 1992).

The Report and Recommendation also finds personal jurisdiction over the LLC defendants because one of their members is a Florida citizen. R&R at 12. But although an LLC's citizenship for diversity purposes depends on its members' citizenship, *see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004), it is not clear that personal jurisdiction over an LLC's member equals personal jurisdiction over the LLC. *Goodyear* and *Diamler* indicate that the test for general jurisdiction over entities considers whether their "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 n.10, 338 (5th Cir. 2020); *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 332 (2d Cir. 2016). And "the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction." *Daimler AG*, 571 U.S. at 137 (quoting *Goodyear*).

If this is the case, then there is personal jurisdiction over Cowboys Saloon Gainesville because it is organized and exists under the laws of Florida and has its principal place of business in Gainesville. Compl. ¶ 24; R&R at 5. But this would not provide a basis for personal jurisdiction over Cowboys Saloon Stapleton and Cowboys Saloon High Street, which are organized, exist, and have principal places of business in Colorado and Arizona, respectively. Compl. ¶¶ 29, 34; R&R at 5.

Therefore, Plaintiffs must provide additional support regarding personal jurisdiction as to Cowboys Saloon Stapleton and Cowboys Saloon High Street.

It is now ORDERED:

1. The magistrate judge's Report and Recommendation is approved in part. Except to the extent it addressed personal jurisdiction as to Cowboys Saloon Stapleton and Cowboys Saloon High Street, it is incorporated into this order.

2. The amended motion for default judgment, ECF No. 16, is GRANTED. Judgment will later issue against Cowboys Saloon Gainesville and potentially the other defendants.

3. The Clerk will terminate the original motion for judgment, ECF No. 13, which the amended motion replaced.

4. Within 20 days, Plaintiffs must submit a memorandum addressing personal jurisdiction as to Cowboys Saloon Stapleton and Cowboys Saloon High

Street. Alternatively, Plaintiffs may seek entry of judgment as to Cowboys Saloon Gainesville alone.

5. Plaintiffs' request for attorney's fees is DENIED.

6. Plaintiffs' request for an order regarding postjudgment discovery is deferred.

SO ORDERED on March 25, 2020.

s/ *Allen Winsor*  
United States District Judge